## ARIA TANCE V. THE STATE.

No. 17936.   Delivered March 4, 1936.
Rehearing Denied April 22, 1936.

The opinion states the case.

*George H. Cavanagh* and *L. C. Owens,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed S. M. Roberts by striking and beating him with a piece of iron pipe.

Deceased was night watchman at a cotton compress in the city of Houston. On going to work on the night of February 11, 1934, he carried his pistol, watch and chain. Early the following morning the watchman who relieved him found him in a dying condition. His skull had been crushed and

there were other wounds on his head. An iron pipe about three and one-half feet long was near his body. Blood and strands of hair on said pipe indicated that it had been used in assaulting deceased. His pistol, watch and chain were gone. The following day appellant sold deceased's pistol to Sidney Yates and his watch to A. R. Brashier. Deceased's watch chain was found in appellant's sweater. The State introduced in evidence appellant's confession in which he fully admitted his guilt.

Appellant introduced testimony tending to show that he had been whipped by the officers before making a confession. Testifying for the State, said officers denied that appellant had been whipped or mistreated in any way. In short, their testimony was to the effect that the confession was voluntarily made. In this situation the trial court properly submitted the issue to the jury. Appellant's objection to the introduction of the confession was properly overruled.

The statement at the head of the confession embraced the warning required by the statute. The officer who took the confession testified that he gave said warning to appellant. Under the circumstances, appellant's objection to the introduction of the confession on the ground that it was not shown that he had been warned was properly overruled.

A careful examination of the record leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have re-examined the record in the light of the motion for rehearing. In the motion the soundness of the conclusion stated is challenged upon the same grounds and the same facts as were before the court on the original hearing. A re-statement of the matter in detail is not regarded necessary. Suffice it to say that it is the opinion of the court that the matters complained of present no reversible error and that the disposition made of them in the original opinion was proper.

The motion for rehearing is overruled.

*Overruled.*